# Exhibit A

FILED IN Washtenaw County Trial Court; 9/14/2026 1:54 PM

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS | CASE NUMBER |
|---|---|---|
| JUDICIAL DISTRICT<br>22ND JUDICIAL CIRCUIT<br>WASHTENAW COUNTY | | 26-001890-NZ<br>JUDGE PATRICK J. CONLIN, JR. |

**Court address**
101 E HURON ST ANN ARBOR, MI 48104

**Court telephone number**
(734) 222-3001

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| MARK W. DOBRONSKI (734) 641-2300<br>PO BOX 99<br>DEXTER, MI 48130-0099 | v | ALLSTATE INSURANCE COMPANY, et al. |
| Plaintiff's attorney bar number, address, and telephone number<br>PRO SE | | ALLSTATE INSURANCE COMPANY<br>3100 SANDERS RD STE 201<br>NORTHBROOK, IL 60062 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/14/2026 | 12/14/2026 | /s/ Lawrence Kestenbaum |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

FILED IN Washtenaw County Trial Court; 9/14/2026 1:54 PM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR 22ND JUDICIAL CIRCUIT
WASHTENAW COUNTY

MARK W. DOBRONSKI,

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY;

JNZ INSURANCE SERVICES INC.;

NICHOLAS O'CONNOR;

GAMBALE INSURANCE GROUP, INC.;

MISAEL MATOS;

NATALIE DELLA AGENCY LLC;

ANA MERCEDES SANTOS;

PREMIER MARKETING SERVICES OF FLORIDA LLC; and

JOHN DOE I–X,

Defendants.

26-001890-NZ
JUDGE PATRICK J. CONLIN, JR.

---

## COMPLAINT

NOW COMES Plaintiff MARK W. DOBRONSKI ("Plaintiff"), appearing in propria persona, and for his Complaint against Defendants alleges:

## INTRODUCTION

1. This action arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, the Michigan Home Solicitation Sales Act ("MHSSA"), M.C.L. § 445.111, et seq.,

and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. It concerns six unsolicited calls received at Plaintiff's Lima Township residence between January 26 and September 10, 2026, soliciting Allstate automobile insurance (the "Subject Calls").

2. The calls involved upstream callers who qualified Plaintiff and transferred him to insurance producers. Completed transfers resulted in Allstate proposals from Ana Mercedes Santos, Misael Matos, and Nicholas O'Connor; later callers also recited controlled identifying information that Plaintiff had supplied during the April solicitation.

3. Plaintiff seeks statutory damages and enhanced damages for knowing or willful violations. Liability is alleged against each Defendant for the calls that Defendant made, participated in, authorized, or is legally responsible for through the agency relationships described below.

**PARTIES**

4. Plaintiff MARK W. DOBRONSKI is an individual and United States citizen. Plaintiff maintains residences in Orange County, Florida, and Lima Township, Washtenaw County, Michigan.

5. Defendant ALLSTATE INSURANCE COMPANY ("Allstate") is an Illinois corporation with its headquarters at 3100 Sanders Road, Suite 201, Northbrook, Illinois 60062. Allstate is registered and qualified to do business in Florida and conducts business in Florida.

6. Defendant JNZ INSURANCE SERVICES INC. ("JNZ") is a corporation with a business address at 157 Hampton Point Drive, Suite 2, St. Augustine, Florida 32092.

7. Defendant NICHOLAS O'CONNOR ("O'Connor") is an individual insurance producer with a business address at 157 Hampton Point Drive, Suite 2, St. Augustine, Florida 32092.

8. Defendant GAMBALE INSURANCE GROUP, INC. ("Gambale") is a corporation with a business address at 7100 S. Kanner Highway, Stuart, Florida 34997.

9. Defendant MISAEL MATOS ("Matos") is an individual insurance producer. He resides at 9646 SW Purple Martin Way, Stuart, Florida 34997.

10. Defendant NATALIE DELLA AGENCY LLC ("Della Agency") is a Florida limited liability company. Its principal place of business is 3393 W. Vine Street, Suite 302, Kissimmee, Florida 34741.

11. Defendant ANA MERCEDES SANTOS ("Santos") is an individual insurance producer. She resides at 3520 Jamaica Run Lane, Apartment 1608, Kissimmee, Florida 34741.

12. Defendant PREMIER MARKETING SERVICES OF FLORIDA LLC ("Premier") is a Florida limited liability company. Its principal office is located at 12908 Hyland Circle, Boca Raton, Florida 33428.

13. Defendants JOHN DOE I–X are individuals or entities whose true names and addresses are presently unknown to Plaintiff. Plaintiff will seek leave to substitute their true identities when ascertained.

**JURISDICTION**

14. This Court has subject-matter jurisdiction under M.C.L. § 600.605 and 47 U.S.C. §§ 227(b)(3) and 227(c)(5). Plaintiff seeks damages exceeding $25,000, exclusive of interest and costs, based on separate statutory awards and enhancements for each violation.

15. Plaintiff invokes limited personal jurisdiction over corporate Defendants under M.C.L. § 600.715, over limited liability company Defendants under M.C.L. § 600.735, and over individual Defendants under M.C.L. § 600.705. The claims arise from telephone solicitations that those Defendants or their authorized agents directed to Plaintiff's residential telephone service and that were received and caused injury in Michigan.

16. The jurisdictional conduct attributed to each Defendant is the particular solicitation activity and authorized agency conduct described below. Plaintiff does not rely on an unrelated Defendant's Michigan contacts or on common branding alone to establish jurisdiction.

**VENUE**

17. Venue is proper in this Court under M.C.L. § 600.1629(1) as the telephone calls alleged herein were received, and thus the original injuries alleged herein occurred, in Washtenaw County.

18. Joinder is proper under MCR 2.206(A)(2) because the claims concern related Allstate insurance solicitations and common questions concerning Allstate's authorization of agency vendor arrangements; joinder also promotes the convenient administration of justice. Plaintiff alleges both each Defendant's own participation and its responsibility for conduct of other participants under the derivative-liability allegations below.

**GENERAL ALLEGATIONS**

**Plaintiff's Residential Telephone Service**

19. Plaintiff subscribes to and regularly uses 407-xxx-xx56 (the "56 Number") and 407-xxx-xx58 (the "58 Number") for personal and family communications, not business. Both numbers are assigned to service for which Plaintiff is charged on a per-call and per-minute basis.

20. The 56 Number has been registered on the National Do Not Call Registry since May 16, 2025. The 58 Number has been registered since October 2, 2025, and both registrations preceded the respective Subject Calls by more than thirty-one days.

21. Plaintiff's telephone service permits him to receive calls at his Michigan residence notwithstanding the Florida area code. Plaintiff was physically present at his Lima Township

residence when each Subject Call was received and used both numbers as residential telephone service at that residence.

**Recorded Do Not Call Instruction**

22. In May 2025, Plaintiff installed a recording on the 56 Number that plays to incoming callers before his telephone rings: "Telemarketers, Do Not Call this number." That recording was active before Calls 2 through 6; Plaintiff does not allege that it played during the January call to the 58 Number.

23. The recording communicates a request to stop calling the number actually dialed. Plaintiff alleges receipt by the calling operation when its call connected to that recording, while identifying below additional notice personally delivered to Matos.

**THE CALLS**

24. The Subject Calls occurred at the following local times while Plaintiff was in Lima Township. Call numbers below are chronological and include the January call as Call 1.

| Call | Date | Time | Called No. | Displayed CLID / CNAM |
|---|---|---|---|---|
| 1 | 01/26/2026 | 11:46 A.M. | 58 Number | 940-202-4612 / none |
| 2 | 04/03/2026 | 1:31 P.M. | 56 Number | 754-400-6817 / none |
| 3 | 09/10/2026 | 10:14 A.M. | 56 Number | 229-231-2428 / GEORGETOWN GA |
| 4 | 09/10/2026 | 11:37 A.M. | 56 Number | 720-721-3278 / Private |
| 5 | 09/10/2026 | 11:38 A.M. | 56 Number | 720-721-3278 / Private |
| 6 | 09/10/2026 | 11:40 A.M. | 56 Number | 720-721-3278 / Private |

**Call 1**

25. On January 26, 2026, at 11:46 A.M., Plaintiff received Call 1 at the 58 Number, displaying 940-202-4612 without caller-name information. Upon answering, Plaintiff heard a "boink" followed by three to four seconds of delay before a live agent spoke.

26. The agent identified herself as "Luna with Allstate Auto Insurance" and offered a free

quote. She then sought identifying and qualifying information from Plaintiff.

27. To identify the source and destination of the unsolicited solicitation, Plaintiff supplied the controlled name Alexander Graham, a false date of birth, a controlled mailing address in Windermere, Florida, and information concerning a 2019 Lincoln Navigator and a 2016 Ford F-150 XLT. The calling operation already possessed and had dialed the 58 Number before obtaining this information.

28. Luna transferred the call, during which Plaintiff heard a recorded statement: "This call will be recorded." The receiving person identified herself initially as Ana; Plaintiff had to ask for her surname, Santos, and her company, Allstate.

29. Santos continued the insurance solicitation and sent an Allstate proposal from anasantos1@allstate.com. Her email identified her as a licensed sales producer for The Natalie Della Agency, and the January 26, 2026 proposal identified Alexander Graham, the vehicles described above, Santos as the preparer, and Natalie Delluniversita's Kissimmee agency address and contact information.

30. Immediately after the call, Plaintiff called 940-202-4612 back. It rang three times and then produced a busy signal, preventing Plaintiff from reaching the solicitor or seller or communicating a do-not-call request through that number.

31. On January 27, 2026, Plaintiff emailed Natalie Delluniversita at ndelluniversita@allstate.com concerning the calls. Plaintiff stated that his number was on the federal registry and that he had no established business relationship with Allstate.

32. That contemporaneous email recorded Santos's explanation that Della Agency used at least three third-party vendors to transfer prospective leads to its agents, and that Delluniversita

handled the vendor arrangements and records. It also recorded Santos's statement that the office had received similar complaints and that Delluniversita was allegedly looking into them.

33. Della Agency's May 1, 2026 annual report identifies Delluniversita as its manager and registered agent, with an address of 34316 Verbena Street, Wesley Chapel, Florida 33545.

34. At 11:49 A.M. on January 27, Delluniversita replied with the link http://pmsfl.com/, identifying the website of Premier Marketing Services of Florida LLC. Separately, Delluniversita told Plaintiff that the company was approved by Allstate and on Allstate's recommended list; Plaintiff attributes that representation to Delluniversita and does not allege that the link-only email itself contains those words.

**Call 2**

35. On April 3, 2026, at 1:31 P.M., Plaintiff received Call 2 at the 56 Number, displaying 754-400-6817 without CNAM.

36. After Plaintiff answered, he heard a "boink," approximately four seconds of silence, and a live caller identifying himself as "Brian with Allstate Insurance."

37. Brian stated that Allstate had reduced its prices and asked about Plaintiff's vehicles, accidents, and tickets. Brian transferred the call to Alex, who asked about homeownership and sought personal identifying and qualifying information.

38. Plaintiff supplied the controlled name Carl Carpenter, a false birth date, and a controlled Windermere mailing address to trace the solicitation. Those disclosures occurred after the 56 Number had already been selected and dialed.

39. The call was transferred to a person answering "Allstate, this is Misa speaking." Plaintiff identified that person as Matos, a licensed producer employed by Gambale.

40. Matos continued the sales pitch and emailed an Allstate proposal from misaelmatos@allstate.com. The April 3 proposal identifies Carl Carpenter, Misa Matos as a licensed producer, and Patrick Gambale's Stuart agency address and telephone number.

41. Plaintiff confronted Matos with the fact that the 56 Number was on the National Do Not Call Registry and that Plaintiff had not consented to the call. Matos stated that Allstate uses call centers to place calls and refer business to Matos and his agency, and claimed that he had no control over them.

42. Plaintiff's callback to 754-400-6817 reached a recording stating that the number was not in service. The displayed number therefore did not provide a functioning means to contact the solicitor or make a do-not-call request.

**Call 3**

43. On September 10, 2026, at 10:14 P.M., Plaintiff received Call 3 at the 56 Number, displaying 229-231-2428 with CNAM of GEORGETOWN GA.

44. After Plaintiff answered and heard a click and three-to-four-second pause, the caller identified himself as "Simon from your insurance company."

45. Simon asked whether he was speaking with Carl Carpenter and recited the same controlled identifying information supplied during Call 2.

46. Simon then transferred Plaintiff to a person identifying himself as "Nick with Allstate."

47. Plaintiff identified Nick as Nicholas O'Connor, an Allstate producer in St. Augustine. O'Connor continued qualifying Plaintiff for automobile insurance and emailed an Allstate quote from noconnor@allstate.com.

48. O'Connor's email identified him as a licensed sales producer for Richard O'Connor's Allstate Agency at the Hampton Point Drive address, using 904-288-8821. The September 10 proposal identifies Carl Carpenter and Richard O'Connor's agency.

49. JNZ's staff listing appearing on the Internet identifies Nicholas O'Connor as a Licensed Commercial Specialist. The Richard OConnor: Allstate Insurance Facebook page displays JNZ branding, the same Hampton Point Drive address, telephone 904-288-8821, and a link to JNZ's quote-request page. These matching identifiers connect JNZ with the agency through which O'Connor conducted the solicitation.

50. Plaintiff's callback to 229-231-2428 rang unanswered. Plaintiff was unable to reach the caller or communicate a do-not-call demand through that callback.

**Calls 4 Through 6**

51. On September 10, 2026, at 11:37 A.M., Plaintiff received Call 4 at the 56 Number display displaying 720-721-3278 and "Private."

52. Plaintiff was occupied and could not answer before ringing stopped; he does not allege hearing a voice or connection sound during that call.

53. One minute later, at 11:38 A.M., Call 5 arrived at the 56 Number from the same displayed number and name.

54. Plaintiff answered the incoming call and after a click and three-to-four-second pause, a male asked whether he was speaking with "Mr. Carl" and identified himself as "Sam from Allstate."

55. Sam offered a cheaper quote and recited the same controlled identifying information supplied during Call 2.

56. Approximately one minute and forty-five seconds into the conversation, Sam suddenly stated that he would call back and abruptly hung up.

57. At 11:40 A.M., Call 6 arrived at the 56 Number from the same displayed number and name. After a click and three-to-four-second pause, the same speaker resumed the conversation, saying that "there had been a disconnecting problem," and again recited the controlled information. Sam stated that he was transferring Plaintiff, but the call dropped.

58. Neither Call 5 nor Call 6 produced a completed transfer identifying an additional downstream agency.

59. Callbacks to 720-721-3278 reached a telephone tree requiring the caller to spell the name of the person sought. That system supplied no available means for Plaintiff to identify the responsible solicitor or make a do-not-call request.

60. The timing, identical displayed number, and repeated caller in Calls 5 and 6 support the inference that unanswered Call 4 was part of the same solicitation sequence. The common Carl Carpenter information also links that sequence to the lead obtained during Call 2 and used during Call 3.

## SPECIFIC ALLEGATIONS

### Lack of Prior Consent and Controlled Information

61. Plaintiff did not request the Subject Calls or give any Defendant prior express consent or prior express written consent to make them. Plaintiff had no established business relationship with Allstate giving rise to the solicitations.

62. Where the TCPA requires prior express consent, possession of a telephone number does not itself establish that consent; consent may not simply be presumed. *In re Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7991, ¶ 52 (2015).

63. Plaintiff did not submit either called number to Defendants as a request for insurance solicitation, or authorize another person to do so. The callers possessed the numbers before Plaintiff supplied any controlled identifying information.

64. Plaintiff's responses to unsolicited callers were investigative efforts to identify the persons responsible. Plaintiff alleges no agreement authorizing future telemarketing; receipt of an emailed proposal was not a signed authorization for automated telephone solicitations.

65. Statements or disclosures occurring after a call began did not supply the prior consent required to initiate that call. Plaintiff's own recorded greeting is not alleged to be a prerecorded voice used by Defendants. The FCC has explained that seeking consent during a telemarketing call does not supply the prior consent required to deliver the message initiating that call. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 142 (2003).

**Calling Technology**

66. The answered calls repeatedly exhibited an electronic connection sound and several seconds of delay before a live salesperson spoke. The callers then conducted scripted qualification and transferred Plaintiff to downstream sales personnel, and the September calls repeatedly used the same controlled lead information.

67. Based on those features, Plaintiff alleges upon information and belief that the originating operations used automated dialing equipment. Plaintiff further alleges upon information and belief that the equipment used to place the Subject Calls employed random or sequential

telephone-number generation in storing or producing numbers to be called and dialing them, within 47 U.S.C. § 227(a)(1).

68. The internal selection and dialing functions, configuration, and campaign records are in the possession of the calling operations. Plaintiff's allegation concerning Call 4 is inferential, based on its immediate proximity to Calls 5 and 6 and their identical displayed number.

**Notice and Injury**

69. The 56 Number's recorded demand preceded every April and September call to that number. The April conversation with Matos additionally supplied actual notice that Plaintiff had not consented and that the number was registered.

70. The September callers used the same controlled information obtained in April, permitting an inference that Plaintiff's lead remained in the calling operation's records after the April notice. The subsequent solicitations support the allegation that the responsible operation failed to suppress the 56 Number.

71. The calls interrupted Plaintiff's activities, occupied his residential telephone service, and invaded his privacy.

72. Each call subjected Plaintiff to per-call and per-minute charges.

73. The registry listings, recorded instruction, April notice, recurring use of the controlled information, and failure to provide workable callback paths support Plaintiff's allegation of knowing or willful violations by the responsible participants. The knowledge attributable to each principal depends on the agency and notice relationships pleaded below.

**VICARIOUS AND DERIVATIVE LIABILITY / CONCERTED ACTION**

**Allstate's Authorization of Agency Vendors**

74. Allstate's "Restricted Third-Party Vendors Announcement - Update October 11, 2024" states that agency owners are generally permitted to retain vendors to assist them in conducting business on Allstate's behalf. It expressly addresses vendor services involving telephony, leads, and prospect solicitation.

75. The announcement requires vendor use to comply with Allstate Agency Standards and applicable law. Allstate reserves authority to prohibit particular vendors immediately, and warns that failure to comply is a breach of the agency agreement potentially resulting in termination.

76. The announcement also directs agents to a resource titled "Warm lead/Live call transfer contracted vendors." It bears Allstate Insurance Company's copyright notice, providing a connection to the particular Allstate entity named here.

77. Plaintiff alleges that Allstate authorized and encouraged its agencies to use telemarketing vendors to sell Allstate insurance, based on its vendor announcement and Delluniversita's statement that Premier was approved by Allstate and on its recommended list. Allstate retained authority to restrict those vendor arrangements.

78. Premier's absence from the pictured restricted list is not itself alleged to establish approval. Plaintiff relies instead on Delluniversita's representation, the agency's actual receipt of the transfer, and Allstate's express authorization and oversight of vendor arrangements.\

**The Particular Agency Relationships**

79. Plaintiff alleges upon information and belief that Della Agency retained or authorized Premier to generate and deliver live automobile-insurance prospects, that Premier acted through Luna or the upstream personnel responsible for Call 1, and that Santos completed the contemplated

sales function. This inference rests on the completed transfer, proposal, Santos's description of the agency's vendor arrangements, and Delluniversita's identification of pmsfl.com.

80. Plaintiff alleges upon information and belief that Gambale authorized the originating and intermediate callers responsible for Call 2 to qualify and deliver insurance prospects to Matos. Matos's receipt and completion of the transfer, proposal, and explanation of the call-center referral process support that allegation.

81. Plaintiff alleges upon information and belief that JNZ authorized the operation responsible for Call 3 to deliver qualified insurance prospects to O'Connor. The completed transfer, his agency identification, the Allstate quote, and JNZ's public business records support that allegation.

82. Plaintiff alleges upon information and belief that these agencies acted within Allstate's authorization to market its insurance and retain vendors for that purpose. The agency arrangements contemplated qualifying prospects, routing live calls, and preparing Allstate proposals, rather than unsolicited referrals wholly outside the recipients' business arrangements. Allstate provides the participating insurance agents access to its computer systems for insurance pricing and provides Allstate email accounts. The agents used Allstate pricing and proposal resources and their Allstate email accounts to prepare and transmit the proposals generated through the Subject Calls. Access to seller-controlled systems and detailed product-pricing information is among the indicia of apparent authority identified in *In re Joint Petition Filed by DISH Network, LLC*, 28 FCC Rcd. 6574, 6592-93, ¶ 46 (2013).

83. Santos, Matos, and O'Connor are sued for their personal solicitation conduct and any calling activity they personally caused, authorized, or adopted, not merely for holding a producer

position. Their respective agency employers are responsible for conduct within the scope of the employment and agency relationships alleged.

84. Allstate is alleged to be vicariously liable under actual-authority and authorized-subagency principles for the conduct undertaken within those arrangements. Plaintiff relies on the federal agency framework recognized in *In re Joint Petition Filed by DISH Network, LLC*, 28 FCC Rcd. 6574, ¶¶ 28-34, 46 (2013). A seller may be vicariously liable for third-party telemarketers' TCPA violations under federal common-law agency principles, including actual authority, apparent authority, and ratification. *Id.* at 6584, ¶ 28. These principles apply to the agency relationships and conduct alleged here.

85. To the extent established by discovery, Plaintiff alternatively relies on apparent authority traceable to Allstate's own manifestations, including its authorization of branded agencies, sales materials, and vendor arrangements, and ratification through knowing acceptance of the solicitation activity. Plaintiff does not equate a caller's unilateral use of Allstate's name, or mere receipt of a complaint, with conclusive proof of either theory.

86. The January claim is attributed to Premier, Della Agency, Santos, Allstate, and the responsible Does; the April claim to Gambale, Matos, Allstate, and the responsible Does; and Call 3 to JNZ, O'Connor, Allstate, and the responsible Does. Calls 4 through 6 are attributed to their originating operation and Allstate under the alleged solicitation and agency relationships; the precise downstream agency allocation remains within the routing records. The responsible Doe participants include the callers identifying themselves as Luna, Brian, Alex, Simon, and Sam, and the persons or entities operating, directing, or arranging their calls.

87. The foregoing call-specific attributions identify the participants presently connected

to particular calls by the transfers, proposals, communications, and controlled information. Plaintiff also alleges responsibility for acts performed by others under the agency, ratification, concert-of-action, and civil-conspiracy principles set forth below; personal dialing of every call is not the basis of the derivative claims.

**Concert of Action, Civil Conspiracy, and Joint Liability**

88. Plaintiff pleads concert of action and civil conspiracy as alternative derivative theories for the independently actionable conduct alleged in this Complaint. Plaintiff relies on the underlying TCPA, MHSSA, and FTSA violations as breaches of duties imposed by law and seeks to attribute those violations to the participants legally responsible for the concerted conduct.

89. Under Michigan's concert-of-action doctrine, persons who act tortiously pursuant to a common design may be held responsible for the entire resulting injury. Identification of the participant who directly caused a particular injury does not preclude responsibility of the other participants. *Abel v. Eli Lilly & Co.*, 418 Mich. 311, 337-39, 343 N.W.2d 164 (1984).

90. A civil conspiracy may consist of concerted action by two or more persons to accomplish an unlawful objective or a lawful objective through unlawful means. Liability depends upon an independently actionable underlying wrong committed in furtherance of that purpose. *Green v. Pontiac Public Library*, 350 Mich. App. 478, 495, 32 N.W.3d 487 (2024).

91. The common commercial objective was to sell Allstate automobile insurance through coordinated outbound solicitation, qualification, live transfer, and preparation of proposals. Allstate authorized agency vendor arrangements, retained power to restrict vendors, and supplied pricing resources and Allstate email accounts; the agencies and producers received the transferred prospects and performed the sales functions. Delluniversita's identification of Premier as approved and

recommended by Allstate further supports Plaintiff's allegation of an authorized solicitation process.

92. For Call 1, Plaintiff alleges that Premier and the responsible upstream callers generated and transferred the prospect, Della Agency arranged for such transfers, and Santos continued the solicitation and prepared the Allstate proposal. For Call 2, upstream callers obtained the controlled Carl Carpenter information and transferred Plaintiff to Matos at Gambale; that same information was later used in the September solicitations, including the completed transfer to O'Connor at JNZ. The completed transfers, corresponding proposals, and reuse of controlled information support the inference that these participants performed coordinated functions rather than coincidentally contacting the same consumer.

93. Plaintiff alleges upon information and belief that the participants identified in the foregoing call chains agreed to and cooperated in obtaining, qualifying, transferring, and soliciting the telephone prospects described above. The unlawful means alleged include initiating the Subject Calls to registered residential numbers without the required consent, failing to provide required identification and functioning callback facilities, and, in the April-September sequence, continuing the solicitations after the recorded demand and April notice. The retained and reused controlled information supports Plaintiff's allegation that the continuing solicitation activity was part of the agreed process rather than a series of unrelated referrals.

94. The FCC has explained that imposing vicarious liability upon a seller does not relieve the third-party telemarketer of joint liability for the unlawful calls. *In re Joint Petition Filed by DISH Network, LLC*, 28 FCC Rcd. 6574, 6591-92, ¶ 44 (2013). Plaintiff alleges Allstate's responsibility for all six Subject Calls under the agency relationships pleaded above and seeks shared liability with the telemarketers and other participants legally responsible for those calls.

95. Plaintiff seeks joint and several liability against all Defendants for the actionable conduct undertaken within the scope and furtherance of the common design in which they participated or for which they are otherwise derivatively responsible. A participant's responsibility under these theories includes actionable acts performed by other participants in furtherance of that common design, even where the participant did not personally dial or speak during a particular call.

96. The contracts, vendor approvals, campaign instructions, lead identifiers, routing histories, pricing-system access records, payment records, and communications establishing the scope of the arrangements are principally within Defendants' possession. Plaintiff pleads the derivative theories in the alternative and requests allocation by Defendant and call to the extent the Court determines that particular conduct falls outside a Defendant's shared responsibility. Plaintiff seeks one satisfaction of any shared award, while preserving recovery for separately compensable violations.

## CAUSES OF ACTION

### COUNT I
### Violation of TCPA — 47 C.F.R. § 64.1200(a)(1)(iii)

97. Plaintiff incorporates by reference paragraphs 1 through 96 as if fully set forth herein.

98. Calls 1 through 6 were made to numbers assigned to service charging Plaintiff for calls, without prior express consent and for no emergency purpose.

99. Plaintiff alleges use of a qualifying automatic telephone dialing system as described above.

100. Plaintiff seeks $500 for each of six actionable calls, with discretionary enhancement to $1,500 for each knowing or willful violation, under § 227(b)(3).

**COUNT II**
**Violation of TCPA — 47 C.F.R. § 64.1200(a)(2)**

101. Plaintiff incorporates by reference paragraphs 1 through 96 as if fully set forth herein.

102. The six calls solicited automobile insurance and thus were telemarketing.

103. Plaintiff alleges that the originating operations used qualifying automated dialing equipment without his prior express written consent.

104. No signed agreement authorized the Subject Calls to either number. The controlled information and proposals generated after the calls began did not provide such an agreement.

105. Plaintiff seeks $500 for each of six actionable calls, with discretionary enhancement to $1,500 for each knowing or willful violation, under § 227(b)(3).

**COUNT III**
**Violation of TCPA - 47 C.F.R. § 64.1200(c)(2)**

106. Plaintiff incorporates by reference paragraphs 1 through 96 as if fully set forth herein.

107. Both called numbers were residential and registered more than thirty-one days before the respective solicitations. Plaintiff alleges six prohibited solicitations, including unanswered Call 4 based on its relationship to the immediately following Allstate calls.

108. All six calls occurred within twelve months and were made by or on behalf of Allstate under the pleaded agency relationships. The more-than-one-call requirement is alleged against Allstate and each other Defendant to whom more than one qualifying call is attributable under the direct, agency, and derivative-liability allegations; Plaintiff relies on those substantive relationships to establish attribution.

109. Plaintiff seeks $500 for each of six actionable calls, with discretionary enhancement to $1,500 for each knowing or willful violation, under § 227(c)(5).

**COUNT IV**
**Violation of TCPA — 47 C.F.R. § 64.1200(d)(4)**

110. Plaintiff incorporates by reference paragraphs 1 through 96 as if fully set forth herein.

111. The answered calls were Calls 1, 2, 3, 5, and 6. The upstream callers supplied first names or generic descriptions and failed to provide complete identification of the responsible solicitation entities and an appropriate contact number or address during their solicitation activity.

112. Santos supplied her surname and Allstate identification only after questioning; other callers used "your insurance company," first-name-only introductions, or resumed soliciting without identification. Plaintiff acknowledges that the later proposals identified the receiving agencies and alleges the deficiencies in the live calling activity, not that no Allstate identification ever occurred.

113. Plaintiff seeks $500 for each of six actionable calls, with discretionary enhancement to $1,500 for each knowing or willful violation, under § 227(c)(5).

**COUNT V**
**Violation of TCPA — 47 C.F.R. §§ 64.1200(d)(3), (d)(6)**

114. Plaintiff incorporates by reference paragraphs 1 through 96 as if fully set forth herein.

115. Plaintiff delivered the recorded request to the operation calling the 56 Number and personally notified Matos during Call 2 of the registry listing and lack of consent. The September calls followed months later, using the same controlled lead information obtained in April.

116. Plaintiff alleges that the responsible calling operation failed to record, retain, communicate, and implement the request, and that the responsible seller failed to ensure the request was honored. Calls 3 through 6 constitute the subsequent calls alleged under this Count, after the maximum implementation period had elapsed.

117. Plaintiff seeks $500 for each of five actionable calls, with discretionary enhancement

to $1,500 for each knowing or willful violation, under § 227(c)(5).

**COUNT VI**
**Violation of TCPA — 47 C.F.R. § 64.1601(e)**

118. Plaintiff incorporates by reference paragraphs 1 through 96 as if fully set forth herein.

119. The displayed callback numbers produced a busy signal after three rings, a not-in-service recording, unanswered ringing, or a name-spelling tree without an available DNC mechanism. Plaintiff alleges that the numbers transmitted for Calls 1 through 6 failed to provide the required means to make a do-not-call request during regular business hours.

120. Plaintiff also alleges deficient name transmission to the extent the telemarketer's name was available through its carrier. The claim is not based solely on the absence of a CNAM display; it includes the particular callback failures described above.

121. Plaintiff asserts that § 64.1601(e) is privately enforceable under § 227(c)(5). Plaintiff acknowledges the contrary holding in Dobronski v. Transamerica Life Insurance Co., 347 Mich. App. 92 (2023), and preserves his federal-law position for reconsideration or appellate review without representing that contrary Michigan authority has been overruled.

122. Plaintiff seeks $500 for each of six actionable calls, with discretionary enhancement to $1,500 for each knowing or willful violation, under § 227(c)(5).

**COUNT VII**
**Violation of MHSSA — M.C.L. §§ 445.111a(5), 445.111b, 445.111c(1)(f), (g), and (3)**

123. Plaintiff incorporates by reference paragraphs 1 through 96 as if fully set forth herein.

124. Plaintiff was a residential telephone subscriber at his residence in Washtenaw County, Michigan when he received the calls. The answered solicitations were voice communications

encouraging purchase of automobile insurance, and the callers and responsible principals acted as telephone solicitors. The unanswered call can reasonably be inferred to have been the same.

125. The were made to numbers registered on the do-not-call registry and involved the identification deficiencies described above. The September calls also followed Plaintiff's recorded request and April notice, supporting the claim under M.C.L. § 445.111c(1)(g).

126. Plaintiff alleges violations of the telephone-solicitation provisions independently of whether a completed home solicitation sale occurred. The commercial callers were not charitable, public-safety, or political solicitors within M.C.L. § 445.111e.

127. Plaintiff seeks $250 for each of six actionable calls, totaling $1,500.

**COUNT VIII**
**Violation of the FTSA — Fla. Stat. § 501.059(2), (8)(a)-(b), and (10)**

128. Plaintiff incorporates by reference paragraphs 1 through 96 as if fully set forth herein.

129. This Count concerns only Calls 1 and 2, on January 26 and April 3, 2026. Plaintiff alleges upon information and belief that those solicitations were conducted in material part from Florida through the Kissimmee and Stuart agencies and their participating producers, in addition to their originating lead-generation operations.

130. Both called numbers bear Florida area code 407, and Plaintiff maintains a Florida residence, but Plaintiff expressly acknowledges receiving the calls in Michigan. Florida coverage is alleged on the Florida solicitation activities and agency participation, not solely on a displayed originating area code.

131. Luna, Brian, and Alex did not immediately identify their true first and last names and the businesses for which they solicited. Santos initially provided only Ana, with her surname and business supplied in response to Plaintiff's questions.

132. The displayed January number rang three times and went busy on immediate callback; the April number produced a not-in-service recording. Plaintiff alleges failure to provide numbers capable of connecting the recipient to the solicitor or seller as required by subsection (8)(b).

133. Plaintiff additionally alleges upon information and belief that the responsible callers used a system for automated selection and dialing without prior express written consent, contrary to subsection (8)(a). The FTSA claim is independently supported by the identification and callback allegations and does not depend exclusively on proof of automated technology.

134. Plaintiff seeks $500 for each of these two actionable calls, with discretionary trebling for knowing or willful violations to a maximum of $3,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against the Defendants responsible for the violations proved, as follows:

### A. Liability and Allocation

Joint and several liability against all Defendants for the actionable calls and violations attributable to them under the agency, ratification, concert-of-action, and civil-conspiracy allegations, including acts of other participants within the scope and furtherance of the common design for which they are legally responsible. Alternatively, Plaintiff requests allocation by Defendant and call to the extent the Court determines that responsibility is not shared. Plaintiff requests only one satisfaction of any shared award, while preserving separate recovery for independently compensable violations.

### B. TCPA Damages

Damages as follows:

| | |
|---|---|
| Count I | 6 violations |
| Count II | 6 violations |

| | |
|---|---|
| Count III | 6 violations |
| Count IV | 6 violations |
| Count V | 5 violations |
| Count VI | 6 violations |

A total of 35 violations at $500.00 per violation for damages of $17,500.00, which amount shall be trebled because the violations were willful and/or knowing, for total damages of $52,500.00.

**C. MHSSA Damages**

Under Count VII, a total of six actionable calls at $250 each, for total damages of $1,500.00.

**D. FTSA Damages:** Under Count VIII, a total of two actionable calls at $500 each, for a total of $1,000, trebled for knowing or willful violations, for total damages of $3,000.00.

**E. Total Judgment Demanded**

Plaintiff requests total enhanced statutory damages of FIFTY SEVEN THOUSAND DOLLARS ($57,000).

**F. Costs and Interest**

Plaintiff further requests taxable costs, disbursements, prejudgment and postjudgment interest as permitted by law, and such further relief within this Court's jurisdiction as is just and proper.

Respectfully submitted,

Dated: September 14, 2026

Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
(734) 641-2300
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS | CASE NUMBER |
|---|---|---|
| JUDICIAL DISTRICT<br>22ND JUDICIAL CIRCUIT<br>WASHTENAW COUNTY | | 26-001890-NZ<br>JUDGE PATRICK J. CONLIN, JR. |

Court address
101 E HURON ST ANN ARBOR, MI 48104

Court telephone number
(734) 222-3001

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| MARK W. DOBRONSKI (734) 641-2300<br>PO BOX 99<br>DEXTER, MI 48130-0099 | v | ALLSTATE INSURANCE COMPANY, et al.<br><br>NICHOLAS O'CONNOR<br>157 HAMPTON POINT DR STE 2<br>SAINT AUGUSTINE, FL 32092 |
| Plaintiff's attorney bar number, address, and telephone number<br>PRO SE | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/14/2026 | 12/14/2026 | /s/ Lawrence Kestenbaum |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

CIRCUIT COURT OF WASHTENAW SEAL



FILED IN Washtenaw County Trial Court; 9/14/2026 1:54 PM

Approved, SCAO | Original - Court | 1st copy - Defendant | 2nd copy - Plaintiff | 3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>22ND JUDICIAL CIRCUIT<br>WASHTENAW COUNTY | SUMMONS | CASE NUMBER<br>26-001890-NZ<br>JUDGE PATRICK J. CONLIN, JR. |
|---|---|---|

Court address: 101 E HURON ST ANN ARBOR, MI 48104

Court telephone number: (734) 222-3001

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| MARK W. DOBRONSKI (734) 641-2300<br>PO BOX 99<br>DEXTER, MI 48130-0099 | v | ALLSTATE INSURANCE COMPANY, et al.<br><br>GAMBALE INSURANCE GROUP, INC.<br>7100 S KANNER HWY<br>STUART, FL 34997 |
| Plaintiff's attorney bar number, address, and telephone number<br>PRO SE | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/14/2026 | 12/14/2026 | /s/ Lawrence Kestenbaum |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



FILED IN Washtenaw County Trial Court; 9/14/2026 1:54 PM

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS | CASE NUMBER |
|---|---|---|
| JUDICIAL DISTRICT<br>22ND JUDICIAL CIRCUIT<br>WASHTENAW COUNTY | | 26-001890-NZ<br>JUDGE PATRICK J. CONLIN, JR. |

Court address
101 E HURON ST ANN ARBOR, MI 48104

Court telephone number
(734) 222-3001

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| MARK W. DOBRONSKI (734) 641-2300<br>PO BOX 99<br>DEXTER, MI 48130-0099 | v | ALLSTATE INSURANCE COMPANY, et al.<br><br>MISALE MATOS<br>9646 SW PURPLE MARTIN WAY<br>STUART, FL 34997 |
| Plaintiff's attorney bar number, address, and telephone number<br>PRO SE | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/14/2026 | 12/14/2026 | /s/ Lawrence Kestenbaum |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

FILED IN Washtenaw County Trial Court; 9/14/2026 1:54 PM

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | SUMMONS | CASE NUMBER |
|---|---|---|
| JUDICIAL DISTRICT<br>22ND JUDICIAL CIRCUIT<br>WASHTENAW COUNTY | | 26-001890-NZ<br>JUDGE PATRICK J. CONLIN, JR. |

**Court address**
101 E HURON ST ANN ARBOR, MI 48104

**Court telephone number**
(734) 222-3001

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| MARK W. DOBRONSKI (734) 641-2300<br>PO BOX 99<br>DEXTER, MI 48130-0099 | v | ALLSTATE INSURANCE COMPANY, et al. |
| Plaintiff's attorney bar number, address, and telephone number<br>PRO SE | | PREMIER MARKETING SERVICES OF FLORIDA LLC<br>12908 HYLAND CIR<br>BOCA RATON, FL 33428 |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/14/2026 | 12/14/2026 | /s/ Lawrence Kestenbaum |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



FILED IN Washtenaw County Trial Court; 9/14/2026 1:54 PM

Approved, SCAO | Original - Court | 1st copy - Defendant | 2nd copy - Plaintiff | 3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>22ND JUDICIAL CIRCUIT<br>WASHTENAW COUNTY | SUMMONS | CASE NUMBER<br>26-001890-NZ<br>JUDGE PATRICK J. CONLIN, JR. |
|---|---|---|

**Court address**
101 E HURON ST ANN ARBOR, MI 48104

**Court telephone number**
(734) 222-3001

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| MARK W. DOBRONSKI (734) 641-2300<br>PO BOX 99<br>DEXTER, MI 48130-0099 | v | ALLSTATE INSURANCE COMPANY, et al.<br><br>JNZ INSURANCE SERVICES INC.<br>157 HAMPTON POINT DR STE 2<br>SAINT AUGUSTINE, FL 32092 |
| Plaintiff's attorney bar number, address, and telephone number<br>PRO SE | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/14/2026 | 12/14/2026 | /s/ Lawrence Kestenbaum |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



FILED IN Washtenaw County Trial Court; 9/14/2026 1:54 PM

Approved, SCAO | Original - Court | 1st copy - Defendant | 2nd copy - Plaintiff | 3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>22ND JUDICIAL CIRCUIT<br>WASHTENAW COUNTY | SUMMONS | CASE NUMBER<br>26-001890-NZ<br>JUDGE PATRICK J. CONLIN, JR. |
|---|---|---|

Court address
101 E HURON ST ANN ARBOR, MI 48104

Court telephone number
(734) 222-3001

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| MARK W. DOBRONSKI (734) 641-2300<br>PO BOX 99<br>DEXTER, MI 48130-0099 | v | ALLSTATE INSURANCE COMPANY, et al.<br><br>ANA MERCEDES SANTOS<br>3520 JAMAICA RUN LN APT 1608<br>KISSIMMEE, FL 34741 |
| Plaintiff's attorney bar number, address, and telephone number<br>PRO SE | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ____________________ Court, where it was given case number ____________ and assigned to Judge ____________________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/14/2026 | 12/14/2026 | /s/ Lawrence Kestenbaum |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



FILED IN Washtenaw County Trial Court; 9/14/2026 1:54 PM

Approved, SCAO | Original - Court / 1st copy - Defendant | 2nd copy - Plaintiff / 3rd copy - Return

| STATE OF MICHIGAN JUDICIAL DISTRICT 22ND JUDICIAL CIRCUIT WASHTENAW COUNTY | SUMMONS | CASE NUMBER 26-001890-NZ JUDGE PATRICK J. CONLIN, JR. |
|---|---|---|

Court address
101 E HURON ST ANN ARBOR, MI 48104

Court telephone number
(734) 222-3001

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| MARK W. DOBRONSKI (734) 641-2300<br>PO BOX 99<br>DEXTER, MI 48130-0099 | v | ALLSTATE INSURANCE COMPANY, et al.<br><br>NATALIE DELLA AGENCY LLC<br>3393 W VINE ST STE 302<br>KISSIMMEE, FL 34741 |
| Plaintiff's attorney bar number, address, and telephone number<br>PRO SE | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/14/2026 | 12/14/2026 | /s/ Lawrence Kestenbaum |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.



FILED IN Washtenaw County Trial Court; 9/14/2026 1:54 PM

| STATE OF MICHIGAN<br>22nd Circuit<br>County of Washtenaw | PROOF OF SERVICE | CASE NO.<br>26-001890-NZ |
|---|---|---|

**Court address**
101 East Huron Street, Ann Arbor, MI 48107

**Court telephone no.**
734-222-3270

Plaintiff name(s)

**MARK W. DOBRANSKI**

**c/o Attorney**

Defendant name(s)

**ALLSTATE INSURANCE COMPANY; ET AL**

**7100 S Kanner Hwy**
**Stuart, FL 34997-7462**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*:
**MARK DOBRONSKI <markdobronski@yahoo.com>**
**PO BOX 99**
**Dexter, MI 48130-0099**

TELEPHONE NO.: **734-330-9671** FAX NO.
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **MARK W. DOBRANSKI**

I declare that I am a legally competent adult, and I am not a party or an officer of corporate party (MCR 2.103[A]), and that:

On **Tuesday, the 15th day of September, 2026 at 11:21 AM**: I personally served SUMMONS; COMPLAINT upon **Gambale Insurance Group, Inc. c/o PATRICK GAMBALE, its President and Registered Agent., REGISTERED AGENT** at **7100 S Kanner Hwy, Stuart, FL 34997-7462** by serving 1 true and correct copy(ies) thereof, with **Gambale Insurance Group, Inc. c/o PATRICK GAMBALE, its President and Registered Agent., REGISTERED AGENT**. **I delivered the documents to PATRICK GAMBALE, its President and Registered Agent., REGISTERED AGENT with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a white male contact 45-55 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.**

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Gps fee<br>$ 0.00 | Photo fee<br>$ 0.00 | Postal fee<br>$ 0.00 | |
|---|---|---|---|
| Service fee<br>$ 76.00 | Miles traveled<br>0.0 | Fee<br>$ 0.00 | **TOTAL FEE**<br>$ 76.00 |

Nicole Mangan
Signature

Nicole Mangan
Name (type or print)

Process Server
Title

REF: **REF-27696862**

PAGE 1 OF 1

ORIGINAL PROOF OF SERVICE

Tracking #: **0241829908**

FILED IN Washtenaw County Trial Court; 9/16/2026 1:26 PM

| STATE OF MICHIGAN<br>22nd Circuit<br>County of Washtenaw | PROOF OF SERVICE | CASE NO.<br>26-001890-NZ |
|---|---|---|

**Court address**
101 East Huron Street, Ann Arbor, MI 48107

**Court telephone no.**
734-222-3270

Plaintiff name(s)

**MARK W. DOBRINSKI**

**c/o Attorney**

Defendant name(s)

**ALLSTATE INSURANCE COMPANY; et al.**

**9646 SW Purple Martin Way**
**Stuart, FL 34997-8968**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*:
**MARK DOBRONSKI <markdobronski@yahoo.com>**
**PO BOX 99**
**Dexter, MI 48130-0099**
TELEPHONE NO.: **734-330-9671** FAX NO.
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **MARK W. DOBRINSKI**

I declare that I am a legally competent adult, and I am not a party or an officer of corporate party (MCR 2.103[A]), and that:

On **Tuesday, the 15th day of September, 2026 at 6:07 PM**: I personally served SUMMONS; COMPLAINT upon **Misael Matos** at **9646 SW Purple Martin Way, Stuart, FL 34997-8968** by serving 1 true and correct copy(ies) thereof, with **Misael Matos. I delivered the documents to Misael Matos with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired Hispanic male contact 25-35 years of age, 5'8"-5'10" tall and weighing 160-180 lbs.**

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Gps fee | Photo fee | Postal fee | |
|---|---|---|---|
| $ 0.00 | $ 0.00 | $ 0.00 | |
| Service fee<br>$ 76.00 | Miles traveled<br>0.0 | Fee<br>$ 0.00 | **TOTAL FEE**<br>$ 76.00 |

Nicole Mangan
Signature

Nicole Mangan
Name (type or print)

Process Server
Title

REF: **REF-27696867**

PAGE 1 OF 1

ORIGINAL PROOF OF SERVICE

Tracking #: **0241899647**

FILED IN Washtenaw County Trial Court; 9/16/2026 1:26 PM

| STATE OF MICHIGAN<br>22nd Circuit<br>County of Washtenaw | PROOF OF SERVICE | CASE NO.<br>26-001890-NZ |
|---|---|---|

**Court address**
101 East Huron Street, Ann Arbor, MI 48107

**Court telephone no.**
734-222-3270

| Plaintiff name(s) | Defendant name(s) |
|---|---|
| **MARK W. DOBRANSKI**<br><br>**c/o Attorney** | **ALLSTATE INSURANCE COMPANY; ET AL**<br><br>**12908 Hyland Cir**<br>**Boca Raton, FL 33428-4857** |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*:
**MARK DOBRONSKI <markdobronski@yahoo.com>**
**PO BOX 99**
**Dexter, MI 48130-0099**
TELEPHONE NO.: **734-330-9671** FAX NO.
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **MARK W. DOBRANSKI**

I declare that I am a legally competent adult, and I am not a party or an officer of corporate party (MCR 2.103[A]), and that:

On **Wednesday, the 16th day of September, 2026 at 8:38 AM**: I personally served SUMMONS; COMPLAINT upon **Premier Marketing Services of Florida LLC c/o RAMON TRIANA, Registered Agent/Manager., REGISTERED AGENT** at **12908 Hyland Cir, Boca Raton, FL 33428-4857** by serving 1 true and correct copy(ies) thereof, with **Premier Marketing Services of Florida LLC c/o RAMON TRIANA, Registered Agent/Manager., REGISTERED AGENT. I delivered the documents to RAMON TRIANA, Registered Agent/Manager., REGISTERED AGENT with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a bald white male contact 55-65 years of age, 6'0"-6'2" tall and weighing 180-200 lbs.**

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Gps fee | Photo fee | Postal fee | |
|---|---|---|---|
| $ 0.00 | $ 0.00 | $ 0.00 | |
| **Service fee** | **Miles traveled** | **Fee** | **TOTAL FEE** |
| $ 76.00 | 0.0 | $ 0.00 | $ 76.00 |

Signature

Lisa Carniello
Name (type or print)

Process Server
Title

REF: **REF-27696915**

PAGE 1 OF 1

ORIGINAL PROOF OF SERVICE

Tracking #: **0241970819**

FILED IN Washtenaw County Trial Court; 9/16/2026 1:26 PM

| STATE OF MICHIGAN<br>22nd Circuit<br>County of Washtenaw | PROOF OF SERVICE | CASE NO.<br>26-001890-NZ |
|---|---|---|

**Court address**

101 East Huron Street, Ann Arbor, MI 48107

**Court telephone no.**

734-222-3270

| Plaintiff name(s) | Defendant name(s) |
|---|---|
| **MARK W. DOBRANSKI**<br><br>**c/o Attorney** | **ALLSTATE INSURANCE COMPANY; et al.**<br><br>**157 Hampton Point Dr Ste 2**<br>**Saint Augustine, FL 32092-3054** |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):*
**MARK DOBRONSKI <markdobronski@yahoo.com>**
**PO BOX 99**
**Dexter, MI 48130-0099**

TELEPHONE NO.: **734-330-9671** FAX NO.
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **MARK W. DOBRANSKI**

I declare that I am a legally competent adult, and I am not a party or an officer of corporate party (MCR 2.103[A]), and that:

On **Tuesday, the 15th day of September, 2026 at 10:23 AM**: I personally served SUMMONS; COMPLAINT upon **JNZ Insurance Services Inc. c/o Richard O'Connor, it Registered Agent/President., REGISTERED AGENT** at **157 Hampton Point Dr Ste 2, Saint Augustine, FL 32092-3054** by serving 1 true and correct copy(ies) thereof, with **JNZ Insurance Services Inc. c/o Richard O'Connor, it Registered Agent/President., REGISTERED AGENT. I delivered the documents to Nicolas O'Connor - Sales Rep who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 25-35 years of age, 5'8"-5'10" tall and weighing 180-200 lbs.**

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Gps fee<br>$ 0.00 | Photo fee<br>$ 0.00 | Postal fee<br>$ 0.00 | |
|---|---|---|---|
| Service fee<br>$ 76.00 | Miles traveled<br>0.0 | Fee<br>$ 0.00 | **TOTAL FEE**<br>$ 76.00 |

Signature

Jahn Vazquez
Name (type or print)

Process Server
Title

REF: **REF-27696854**

PAGE 1 OF 1

ORIGINAL PROOF OF SERVICE

Tracking #: **0241794481**

FILED IN Washtenaw County Trial Court; 9/16/2026 1:26 PM

| STATE OF MICHIGAN<br>22nd Circuit<br>County of Washtenaw | PROOF OF SERVICE | CASE NO.<br>26-001890-NZ |
|---|---|---|

**Court address**
101 East Huron Street, Ann Arbor, MI 48107

**Court telephone no.**
734-222-3270

| Plaintiff name(s) | Defendant name(s) |
|---|---|
| **MARK W. DOBRONSKI**<br><br>**c/o Attorney** | **ALLSTATE INSURANCE COMPANY; ET AL**<br><br>**157 Hampton Point Dr Ste 2**<br>**Saint Augustine, FL 32092-3054** |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*:
**MARK DOBRONSKI <markdobronski@yahoo.com>**
**PO BOX 99**
**Dexter, MI 48130-0099**

TELEPHONE NO.: **734-330-9671** FAX NO.
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **MARK W. DOBRONSKI**

I declare that I am a legally competent adult, and I am not a party or an officer of corporate party (MCR 2.103[A]), and that:

On **Tuesday, the 15th day of September, 2026 at 10:23 AM**: I personally served SUMMONS; COMPLAINT upon **Nicholas O'Connor** at **157 Hampton Point Dr Ste 2, Saint Augustine, FL 32092-3054** by serving 1 true and correct copy(ies) thereof, with **Nicholas O'Connor**. **I delivered the documents to Nicholas O'Connor with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 25-35 years of age, 5'8"-5'10" tall and weighing 180-200 lbs.**

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| | | | |
|---|---|---|---|
| Gps fee<br>$ 0.00 | Photo fee<br>$ 0.00 | Postal fee<br>$ 0.00 | |
| Service fee<br>$ 76.00 | Miles traveled<br>0.0 | Fee<br>$ 0.00 | **TOTAL FEE**<br>$ 76.00 |

Signature

Jahn Vazquez
Name (type or print)

Process Server
Title

FILED IN Washtenaw County Trial Court; 9/16/2026 1:26 PM

REF: **REF-27696857**

PAGE 1 OF 1

ORIGINAL PROOF OF SERVICE

Tracking #: **0241794572**

Approved, SCAO | Original - Court 1st copy - Defendant | 2nd copy - Plaintiff 3rd copy - Return

| STATE OF MICHIGAN 22ND JUDICIAL DISTRICT / JUDICIAL CIRCUIT WASHTENAW COUNTY | SUMMONS | CASE NUMBER 26-001890-NZ JUDGE PATRICK J. CONLIN, JR. |
|---|---|---|

Court address
101 E HURON ST ANN ARBOR, MI 48104

Court telephone number
(734) 222-3001

| Plaintiff's name, address, and telephone number | v | Defendant's name, address, and telephone number |
|---|---|---|
| MARK W. DOBRONSKI (734) 641-2300<br>PO BOX 99<br>DEXTER, MI 48130-0099 | | ALLSTATE INSURANCE COMPANY, et al.<br><br>ALLSTATE INSURANCE COMPANY<br>3100 SANDERS RD STE 201<br>NORTHBROOK, IL 60062 |
| Plaintiff's attorney bar number, address, and telephone number<br>PRO SE | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 9/14/2026 | 12/14/2026 | /s/ Lawrence Kestenbaum |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

CIRCUIT COURT OF WASHTENAW SEAL



FILED IN Washtenaw County Trial Court; 9/17/2026 12:45 PM

Summons (3/23)

Case Number 26-001890-NZ

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☑ I served ☑ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Allstate Insurance Company, by serving CT Corporation System, its Res. Agt. | 09/16/2026 @ 1:46 P.M. E.D.T. |
| Place or address of service<br>40600 Ann Arbor Road East, Suite 201<br>Plymouth, Michigan 48170-4675 | |
| Attachments (if any)<br>Documents accepted by Kathryn Hunter, authorized agent | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☑ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ | | $ | |
| Incorrect address fee<br>$ | Miles traveled | Fee<br>$ | TOTAL FEE<br>$ 105.00 |

[signature]
Signature

Daria A. Brookman
Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_______________ on _______________.
Attachments (if any) Date and time

_______________ on behalf of _______________
Signature

_______________
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

| STATE OF MICHIGAN<br>22nd Circuit<br>County of Washtenaw | PROOF OF SERVICE | CASE NO.<br>26-001890-NZ |
|---|---|---|

**Court address**
101 East Huron Street, Ann Arbor, MI 48107

**Court telephone no.**
734-222-3270

Plaintiff name(s)
**MARK W. DOBRANSKI**
**c/o Attorney**

Defendant name(s)
**ALLSTATE INSURANCE COMPANY; ET AL**
**7100 S Kanner Hwy**
**Stuart, FL 34997-7462**

RECEIVED
SEP 18 2026
14-4 DISTRICT COURT
SALINE, MI

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*:
**MARK DOBRONSKI <markdobronski@yahoo.com>**
**PO BOX 99**
**Dexter, MI 48130-0099**
TELEPHONE NO.: **734-330-9671** FAX NO.
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **MARK W. DOBRANSKI**

I declare that I am a legally competent adult, and I am not a party or an officer of corporate party (MCR 2.103[A]), and that:

On **Tuesday, the 15th day of September, 2026 at 11:21 AM**: I personally served SUMMONS; COMPLAINT upon **Gambale Insurance Group, Inc. c/o PATRICK GAMBALE, its President and Registered Agent., REGISTERED AGENT** at **7100 S Kanner Hwy, Stuart, FL 34997-7462** by serving 1 true and correct copy(ies) thereof, with **Gambale Insurance Group, Inc. c/o PATRICK GAMBALE, its President and Registered Agent., REGISTERED AGENT**. **I delivered the documents to PATRICK GAMBALE, its President and Registered Agent., REGISTERED AGENT with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a white male contact 45-55 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.**

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Gps fee<br>$ 0.00 | Photo fee<br>$ 0.00 | Postal fee<br>$ 0.00 | |
|---|---|---|---|
| Service fee<br>$ 76.00 | Miles traveled<br>0.0 | Fee<br>$ 0.00 | **TOTAL FEE**<br>$ 76.00 |

Nicole Mangan
Signature

Nicole Mangan
Name (type or print)

Process Server
Title

FILED
SEP 24 2026
WASHTENAW COUNTY, MI
CLERK OF THE COURT

REF: **REF-27696862**

PAGE 1 OF 1

ORIGINAL PROOF OF SERVICE

Tracking #: **0241829908**