# EXHIBIT
# 1

EXHIBIT
1

# *Dobronski v. Arizona*

United States Court of Appeals for the Ninth Circuit

March 23, 2005[**], Submitted; April 11, 2005, Filed

No. 04-15657

[**] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Karen Hockstad

**Reporter**
128 Fed. Appx. 608 *; 2005 U.S. App. LEXIS 6232 **

MARK W. DOBRONSKI, Plaintiff - Appellant, v. STATE OF ARIZONA; et al., Defendants - Appellees.

**Notice:** **[**1]** RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**Prior History:** Appeal from the United States District Court for the District of Arizona. D.C. No. CV-03-00273-PHX-JAT. James A. Teilborg, District Judge, Presiding.

**Counsel:** For MARK W. DOBRONSKI, Plaintiff - Appellant: Mark W. Dobronski, Scottsdale, AZ.

For STATE OF ARIZONA, ARIZONA COMMISSION ON JUDICIAL CONDUCT, through the actions of its agents, E. KEITH STOTT, JR., individually as husband and as Executive Director of the Commission on Judicial Conduct, in his official capacity, BARBARA S. STOTT, wife, KATHRYN L. PETROFF, individually and as Advisory Counsel and Senior Disciplinary Counsel of the Commission on Judicial Conduct, in her official capacity, Defendants - Appellees: Rosa Mroz, AGAZ - OFFICE OF THE ARIZONA ATTORNEY GENERAL (PHOENIX), Phoenix, AZ.

For BONNIE DICUS, individually and in her official capacity as Maricopa County Justice Court Administrator, MARY MARTINEZ, individually and in her official capacity as Chief Clerk of the Scottsdale Justice Court, Defendants - Appellees: J. Scott Rhodes, Josef Bobek, **[**2]** III, JENNINGS STROUSS & SALMON, PLC, Phoenix, AZ.

**Judges:** Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

## Opinion

**[*608]** MEMORANDUM [*]

Mark W. Dobronski appeals pro se the district court's dismissal of his action **[*609]** against the State of Arizona, the Arizona Commission on Judicial Conduct ("CJC") and various court officials, brought under 42 U.S.C. § 1983 and other statutes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any basis supported by the record. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001).

The district court correctly dismissed, on Eleventh Amendment grounds, Dobronski's claims against the State of Arizona and the CJC, as well as the claims against Stott and Petroff in their capacity as CJC officers. *See* Snoeck v. Brussa, 153 F.3d 984, 987 (9th Cir. 1998). **[**3]** The district court correctly dismissed Dobronski's claims against Stott and Petroff in their personal capacity because judicial immunity is extended to "certain others who perform functions closely associated with the judicial process." Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (internal citations omitted).

The district court also properly dismissed the claims against Dicus and Martinez because absolute quasi-judicial immunity may also extend to "court clerks and other non-judicial officers for purely administrative acts -- acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002) (citing Moore, 96 F.3d at 1244m). The district court was not required to accept as true Dobronski's allegations that Dicus and Martinez criminally tampered with evidence and conspired with Stott and Petroff to deprive him of his constitutional rights because those allegations were conclusory and based on unreasonable inferences. *See* Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004).

Dobronski's **[**4]** remaining contentions lack merit.

**AFFIRMED.**

End of Document

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.