# EXHIBIT 10

EXHIBIT 10

# Dobronski v. Total Ins. Brokers, LLC

United States District Court for the Eastern District of Michigan, Southern Division

September 29, 2021, Decided; September 29, 2021, Filed

Case No. 21-10035

**Reporter**
2021 U.S. Dist. LEXIS 186528 *; 2021 WL 4452218

Mark W. Dobronski, Plaintiff, v. Total Insurance Brokers, LLC and Gavin Dominic Southwell, Defendants.

**Counsel:** **[*1]** Mark W. Dobronski, Plaintiff, Pro se, WESTLAND, MI.

For Total Insurance Brokers, LLC, Gavin Dominic Southwell, Defendants: Andrew J. Kolozsvary, Theresa A. Munaco, Dykema Gossett, Detroit, MI.

**Judges:** Judith E. Levy, United States District Judge. Mag. Judge Curtis Ivy, Jr.

**Opinion by:** Judith E. Levy

## Opinion

**OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [23], AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [16]**

This a case about telemarketing calls. Pro Se Plaintiff Mark W. Dobronski, a litigant who frequently files similar lawsuits in this District, alleges that Defendants Total Insurance Brokers, LLC ("TIB") and Gavin Dominic Southwell violated various provisions of the Telephone Consumer Protection Act ("TCPA") and the Michigan Home Solicitation Sales Act ("MHSSA").

Defendants removed Plaintiff's complaint to this Court (ECF No. 1) and subsequently filed an answer and motion to dismiss (ECF Nos. 5, 6) and then an amended answer (ECF No. 10). Thereafter, Plaintiff filed an amended complaint. (ECF No. 11.) In response, Defendants moved to strike the amended complaint and renewed their motion to dismiss. (ECF No. 16.) The Court referred both of Defendants' motions to Magistrate Judge Curtis Ivy, Jr. for a Report and Recommendation ("R&R"). (ECF Nos. 7, 18.)

Before the Court is **[*2]** Judge Ivy's R&R (ECF No. 23) recommending that the Court grant the motion to strike and grant, in part, the renewed motion to dismiss (ECF No. 16). For the reasons set forth below, Defendants' first motion to dismiss and their motion to strike are denied. Plaintiff's objections are dismissed in part and granted in part, and the R&R is adopted in part.

### I. Background

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The factual and procedural background sections from the R&R are incorporated as if fully set forth herein.

### II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings, recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce v. Chrysler Grp. LLC Pension Plan, 893 F.3d 339, 346 (6th Cir. 2018)* (internal citations omitted). Objections that restate arguments already presented to a magistrate judge are improper, *Coleman-Bey v. Bouchard, 287 F. App'x 420, 422 (6th Cir. 2008)*, as are those that merely dispute the general correctness of the report and **[*3]** recommendation. *See Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)*.

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)*); *see also Thomas v. Arn, 474 U.S. 140, 147, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)* (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear

and specific enough to permit the Court to squarely address them on the merits. *See Pearce, 893 F.3d at 346*.

### III. Analysis

As an initial matter, the objections to the R&R have no bearing on several aspects of the case. No party objects to Judge Ivy's well-reasoned recommendation that Plaintiff's claims against Southwell be dismissed for failure to state a claim (*See* ECF No. 23, PageID.459-61), and the Court adopts this recommendation. Neither of the parties addressed the MHSSA claim on the motion to dismiss, nor does Judge Ivy. Plaintiff's MHSSA claim arises from the same nucleus of facts as his TCPA claims, and they remain in the amended complaint.

Plaintiff filed his amended complaint on March 1, 2020. (*See* ECF No. 11.) Defendants filed their first answer and motion to dismiss on January 22, 2021 (*see* ECF Nos. 5, 6), and then filed an amended answer with affirmative defenses on February 9, 2021 **[*4]** (*see* ECF No. 11). As Judge Ivy correctly explains:

> The 2009 Amendment Advisory Committee Notes to Rule 15 instruct that the 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.

(ECF No. 23, PageID.450 (internal citations omitted).) Therefore, Plaintiff's amended complaint was not timely under the Federal Rules of Civil Procedure.

Plaintiff failed to seek Defendants' concurrence before filing his untimely amended complaint as required by Local Rule 7.1(a)(1). *See* E.D. Mich. LR 7.1(a)(1). The Court construes the filing as a motion to amend the complaint. Rule 15(a)(2) instructs courts to "freely give leave" to amend a complaint "when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. Here, Defendants do not articulate how they will be prejudiced if the Court permits the amended the complaint to be filed. Indeed, the amended complaint has the same claims as the first complaint but corrects an enumeration error. Therefore, the Court grants Plaintiff's motion to amend. *See Foman v. Davis, 371 U.S. 178, 181, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)*; *See also* 6 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and* ***[*5]*** *Procedure* § 1487 (3d ed. 2021). The renewed motion to dismiss reiterates arguments from the first motion to dismiss, and the amended complaint renders the first motion to dismiss moot. (*See also* ECF No. 12.)

Plaintiff challenges two other aspects of the R&R. First, Plaintiff argues that Judge Ivy erred in finding that *47 C.F.R. § 64.1601(e)* does not confer a private right of action. Second, Plaintiff objects to the recommendation that the Court dismiss the willfulness component of Plaintiff's TCPA claims, thus limiting him to statutory damages instead of treble damages.

For the reasons set forth below, the first objection is DENIED The second objection is SUSTAINED IN PART AND DENIED IN PART.

#### A. Objection 1

Not all sections of the TCPA expressly provide a private right of action to enforce violations of regulations promulgated under them. *47 U.S.C. § 227(c)* is a section of the TCPA that confers this enforcement mechanism. Judge Ivy recommends that Plaintiff's claim for violation of § 64.1601(e) be dismissed because that regulation confers no private right of action. Plaintiff objects to this interpretation of *§ 64.1601(e)*. (ECF No. 21, PageID.373.) Specifically, Plaintiff takes issue with Judge Ivy's analysis that case law applying *§ 64.1601(e)*, as well as its **[*6]** text and legislative intent, do not clearly show that it was promulgated under *§ 227(c)*. (*See id.*) Defendants counter that Plaintiff cites no authority—in the text of the regulation, the legislative history, or case law—"that supports finding a private right of action exists for claimed violations of *47 C.F.R. § 64.1601(e)*." (ECF No. 25, PageID.524-25.)

Plaintiff acknowledges that other cases—including two in this District involving this Plaintiff—have found that there was no private right of action for violations of *47 C.F.R. § 64.1601(e)*. *See Dobronski v. Selectquote Ins. Serv's, 462 F. Supp. 3d 784 (E.D. Mich. 2020)* (surveying relevant case law and legislative intent); *Dobronski v. SunPath Ltd.* ("*SunPath I*"), 2020 W 8840311 (E.D. Mich. July 27, 2020); *see also Worsham v. Travel Options, Inc., 2016 U.S. Dist. LEXIS 119186, 2016 WL 4592372, at *3 (D. Md. Sept. 2, 2016)* (analyzing and contrasting *§ 64.1601(e)* with other implementing regulations conferring a private right of action). Plaintiff argues that the judge in *Worsham* wrongly interpreted the legislative intent and statutory history *§ 64.1601(e)*, so the Court should decline to follow *Worsham* and cases that cite it, such as *Selectquote* and *SunPath I*. (*See* ECF No. 24,

PageID.473.)

The cases on which Plaintiff relies in support of his theory that § 64.1601(e) confers a private right of action do not directly address that issue. *See* Braver v. Northstar Alarm Services, LLC, 2017 U.S. Dist. LEXIS 229620, 2017 WL 11139779, at *5-6 (W.D. Okla. 2017); Engle v. Unified Life Insurance Co., Inc., 2014 U.S. Dist. LEXIS 203679, 2014 WL 12508347, at *5 (S.D.Cal., 2014); Fischman v. Mediastratix, LLC, Case No. 2:20-CV-83-D, 2021 U.S. Dist. LEXIS 149734, 2021 WL 3559639 (E.D. N.C., August 10, 2021). As discussed in a previous decision in this District dismissing this Plaintiff's claim, *Braver* and *Engle* "do not directly address the issue of **[*7]** a private right of action for violations of 47 C.F.R. § 64.1601(e)." *Selectquote Ins. Servs., 462 F. Supp. 3d at 790*. *Fischman* addresses the existence of a private right of action to enforce violations *§ 64.1200(d)*, a different regulation than the one at issue in this case. *See* Fischman, 2021 U.S. Dist. LEXIS 149734, 2021 WL 3559639, at *5.

Plaintiff cites no caselaw in this Circuit—or any other—holding either that 47 C.F.R. § 64.1601(e) was promulgated under 47 U.S.C. § 227(c) or that that there is otherwise a private right of action to enforce this regulation. The Court agrees with Judge Ivy's analysis that the persuasive authority holds that there is no private right of action for violations of § 64.1601(e), and therefore adopts the recommendation to dismiss Count II of Plaintiff's amended complaint failure to state a claim.

Finally, Plaintiff suggests that, to the extent there is ambiguity, the Court should invoke the doctrine of primary jurisdiction to refer the question of whether § 64.1601(e) has a private right of action to the Federal Communications Commission ("FCC"). (*See* ECF No. 24, PageID.478.) As Plaintiff cites:

> [t]he doctrine of primary jurisdiction arises when a claim is properly cognizable in court but contains some issue within the special competence of an administrative agency. When the doctrine is applicable, court proceedings are stayed so as to give the parties reasonable **[*8]** opportunity to "refer" the matter to an agency by seeking an administrative ruling.

United States v. Haun, 124 F.3d 745, 749 (6th Cir. 1997). Here, the existence of a private right of action to enforce this regulation is a question of legislative intent and statutory construction of words that have ordinary meaning and are not technical in any sense. *See* Great N. Ry. Co. v. Merchants' Elevator Co., 259 U.S. 285, 291-92, 42 S. Ct. 477, 66 L. Ed. 943 (1922). Therefore, the Court declines Plaintiff's invitation to apply this doctrine. Plaintiff's first objection is denied.

**B. Objection 2**

There are two telephone calls at issue in this case. Plaintiff alleges that during the first call on November 24, 2020, he spoke with the caller and provided a false name to ascertain the caller's identity. (ECF No. 11, PageID.161-62.) Plaintiff alleges that the second caller on November 25, 2020 used the false name Plaintiff supplied the previous day. (ECF No. 11, PageID.162.)

Plaintiff claims that these two calls were knowing or willful violations of the TCPA because his number has been on the Do Not Call Registry ("DNC Registry") since 2004. (*See* ECF No. 11, PageID.154.) Judge Ivy interprets Plaintiff's conversation with the first caller in which he gave the caller a bogus name to be a form of implied consent to telemarketing. (*See* ECF No. 23, PageID.466.) **[*9]** In his objections to the R&R, Plaintiff argues that it is "premature" at this stage of litigation to assess the willfulness of TIB's conduct. (ECF No. 24, PageID.479.) Defendants counter that Plaintiff alleges only that Defendants were aware that a call was made, and that under the TCPA, a "willful" or "knowing" violation requires a greater showing of intent to make the calls. (ECF No. 25, PageID.525.) Further, Defendants argue that Plaintiff provided a bogus name in the first call to encourage or invite a return call to that person, who was in fact, Plaintiff. In other words, Defendants reason that Plaintiff consented to the second call. (ECF No. 25, PageID.526.)

Plaintiff asserts that his phone number was on the DNC Registry at the time of the first call. Accordingly, he alleges sufficient facts to state a claim that the first call on November 24, 2020 was a willful violation of the TCPA. *See* Litz v. My Car Warrior, LLC, 2020 U.S. Dist. LEXIS 114558, 2020 WL 3546129, *4 (S.D. Ind. June 30, 2020) (telemarketing call to a number on the DNC Registry was a willful violation of the TCPA); *see also* Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 662 (4th Cir. 2019) (it is a willful violation of the TCPA where defendant's agent calls numbers on the DNC Registry or where a company is aware that its agent calls numbers on the DNC Registry but fails to act); **[*10]** *Shelton v. Fast Advance Funding, LLC, 378 F. Supp. 3d 356, 363 (E.D. Pa. 2019)* (defendant's twenty-two calls to a

number on the DNC Registry were each willful violations of the TCPA where defendant's business practice was to neither purchase the DNC Registry nor review it).

Plaintiff responds that by giving the first caller a bogus name, he used an "investigative technique termed a 'canary trap.'" ECF No. 11, PageID.162. Put another way, Plaintiff admits that he gave a false name during the first call for the purpose of inducing another call and thereby "trap" the caller. Because Plaintiff concedes that he engaged in conduct designed to encourage the second call, he gave implied consent to that call. Accordingly, Plaintiff fails to state a claim that the second call was a "willful." Plaintiff's second objection is sustained in part and denied in part.

## IV. Conclusion

For the reasons set forth above, Plaintiff's claims against Southwell are DISMISSED. Defendants' motion to strike is DENIED. Plaintiff's first objection is DENIED, and his second objection is SUSTAINED IN PART AND DENIED IN PART. (ECF No.24.) Accordingly, the R&R (ECF No. 23) is **ADOPTED, IN PART**, Defendants' first motion to dismiss (ECF No. 5) is **DENIED AS MOOT**, and Defendants' motion to dismiss (ECF **[*11]** No. 16) is **GRANTED, IN PART**.

IT IS SO ORDERED.

Dated: September 29, 2021

Ann Arbor, Michigan

/s/ Judith E. Levy

United States District Judge

---

End of Document