# EXHIBIT 12

EXHIBIT
12

# Duchene v. OnStar, LLC

United States District Court for the Eastern District of Michigan, Southern Division

July 26, 2016, Decided; July 26, 2016, Filed

Case No. 15-13337

**Reporter**
2016 U.S. Dist. LEXIS 97129 *; 2016 LX 19738

DANIEL DUCHENE, Plaintiff, v. ONSTAR, LLC, Defendant.

**Prior History:** ***Duchene v. OnStar****, LLC, 2015 U.S. Dist. LEXIS 131787 (W.D. Mich., Sept. 22, 2015)*

**Counsel:** **[*1]** For Daniel Duchene, individually and on behalf of all others similarly situated, Plaintiff: Sergei Lemberg, Lemberg & Associates, LLC, Stamford, CT.

**Judges:** HON. Denise Page Hood, Chief United States District Judge.

**Opinion by:** Denise Page Hood

## Opinion

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S RENEWED MOTION TO DISMISS**

**I. INTRODUCTION**

On September 14, 2015, Plaintiff Daniel Duchene, individually and purportedly on behalf of all others similarly situated, filed a two-count Complaint against Defendant OnStar, LLC in the Western District of Michigan. Plaintiff's cause of action was transferred to the Eastern District of Michigan on September 22, 2015 (Doc. No. 1), and Defendant filed a Motion to Dismiss on November 25, 2015. (Doc. No. 9). After Plaintiff filed an Amended Complaint on December 21, 2015 (Doc. No. 14), Defendant filed a Renewed Motion to Dismiss on January 7, 2016. (Doc. No. 16) Plaintiff filed a response on January 29, 2016 (Doc. No. 18). Defendant did not file a reply. A hearing on Defendant's Renewed Motion to Dismiss was held on March 2, 2016.

For the reasons that follow, the Court denies Defendant's Renewed Motion to Dismiss with respect to Count I and grants Defendant's Renewed Motion to **[*2]** Dismiss with respect to Count II.

**II. STATEMENT OF FACTS**

Plaintiff is an individual residing in Ada, Minnesota. (Amended Complaint ¶ 4). Defendant is a Delaware business entity with a principal place of business in Detroit, Michigan. (Amended Complaint ¶ 5) Plaintiff's two-count Amended Complaint alleges that Defendant placed multiple unauthorized calls to his cellular phone in violation of the Telephone Consumer Protection Act, *47 U.S.C. 227 et seq.* ("TCPA").

In August of 2015, Plaintiff began receiving calls on his cellular telephone at telephone number 218-xxx-0230. (Amended Complaint ¶ 9) The calls were from telephone number 972-372-1723, a telephone number owned by Defendant. (Amended Complaint ¶ 10) When Plaintiff answered the calls, no human being spoke to him; instead, Plaintiff would hear complete silence before the call terminated without anyone coming on the line. (Amended Complaint ¶ 11) Each time Plaintiff did not answer a call from 972-372-1723, Plaintiff got a voicemail message consisting of screeching and beeping sounds that lasted approximately thirty seconds. (Amended Complaint ¶¶ 12-13) None of the voicemails Plaintiff received from 972-372-1723 contained a human voice.

Plaintiff is not **[*3]** a customer of Defendant, and he has never provided Defendant his number. (Amended Complaint ¶ 17) Other consumers have complained on the internet of having received similar calls from Defendant and its 972-372-1723 telephone number, including such posts as:

- "[S]omething that makes that electronic, high-pitched squawking noise[] calls my cellphone then calls again about 6-10 minutes later. This happens 2-3 times a day. Has been going on for about a month now."

- A consumer complained to Defendant regarding

the calls, and Defendant told the consumer that "eventually . . . the calls would stop, but, of course, they did not."

• "I have received 4 calls from that [972-372-1723] number with high pitched squeeling noise."

• "I've answered and only get the phone modem sound . . . . They call all hours of the night now, like 3, 4, 5, AM. My number has been registered on donotcall.gov since 2011."

• "Fax noise calls my cell all hours of day and night. When I call it, it is On-Star."

• "Get this call daily and all I hear is what appears to be fax tones."

(Amended Complaint ¶ 19) Plaintiff purports to bring this lawsuit on behalf of himself and all others who received Defendant's automatic dialing system calls. **[*4]** (Amended Complaint ¶¶ 21-29)

## III. APPLICABLE LAW & ANALYSIS

### A. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007)*. As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id. at 556*. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id. at 555*. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*.

### B. Analysis

*1. Count I*

In order to state a TCPA claim for calls made to a cellular phone, a plaintiff must establish that: (1) a call was placed to a cell or wireless phone, (2) by the use of any automatic dialing system and/or leaving an artificial or pre-recorded message, and (3) without prior consent of the recipient plaintiff. **[*5]** *47 U.S.C. § 227(b)(1)(A)*. *See also* *Pugliese v. Prof'l Recovery Serv., Inc., No. 09-12262, 2010 U.S. Dist. LEXIS 64111, 2010 WL 2632562, at **6-7 (E.D. Mich. June 29, 2010)*; *Strand v. Corinthian Colls., Inc., No. 13-1235, 2014 U.S. Dist. LEXIS 52963, 2014 WL 1515494, at *2 (W.D. Mich. Apr. 17, 2014)*. An automatic dialing system ("ATDS"), as defined in the TCPA, is a device with "the capacity to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." *47 U.S.C. § 227(a)(1)*.

There is no dispute that Plaintiff adequately pleaded the first and third requirements set forth above. Defendant argues Plaintiff has not sufficiently alleged he was called by an ATDS. Defendant contends that Plaintiff's sole allegation regarding Defendant's use of an ATDS is: "Upon information and belief, the dialing system used to call the [p]laintiff had the capacity to dial sequentially or randomly and at all times dialed without human intervention." (Amended Complaint ¶ 15)

Defendant argues that Plaintiff does not satisfy *Twombly* and *Iqbal* because Plaintiff alleges no facts showing how he arrived at this conclusory allegation. For example, Defendant maintains, Plaintiff does not allege the basis for any belief that the calls were made from a machine that has the "capacity to dial sequentially or randomly and at all times dialed without human intervention." Defendant also argues that Plaintiff does not allege the source of any "information and belief" that **[*6]** would support such a conclusion. Defendant asserts that Plaintiff merely relies on the statutory language of the TCPA, which provides:

> (a) Definitions — As used in this section — (1) The term "automatic telephone dialing system" means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

*47 U.S.C. § 227(a)(1)*. Defendant points to Plaintiff's allegations that "[a]t all times mentioned herein, Defendant called Plaintiff's cellular telephone using an 'automatic telephone dialing system' ('ATDS') as defined

by 47 U.S.C. § 227(a)(1)." (Amended Complaint ¶ 14).

According to one court, "the vast majority of courts to have considered the issue have found that 'a bare allegation that defendants used an ATDS is not enough.'" *Snyder v. Perry, No. 14-2090, 2015 U.S. Dist. LEXIS 34499, 2015 WL 1262591, at *8 (E.D.N.Y. Mar. 18, 2015)* (quoting *Baranski v. NCO Fin. Sys., Inc., No. 13-6349, 2014 U.S. Dist. LEXIS 37880, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014)* (dismissing the complaint after holding that "[p]laintiffs must do more than simply parrot the statutory language" defining ATDS)). Defendant cites more than 10 other cases with similar holdings. *See, e.g., Aikens v. Synchrony Financial, No. 15-10058, 2015 U.S. Dist. LEXIS 115467, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015)* (Morris, M.J.) (threadbare facts alleged by plaintiff were insufficient to support inference plaintiff was called using an ATDS).[1]

Plaintiff states that he has asserted a plausible claim that Defendant called his cell phone using an ATDS in violation of the TCPA because "the [TCPA's] clear language mandates that the focus be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called . . . ." *Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009)* (emphasis in original). The "basic function of such **[*8]** dialing equipment" is "the capacity to dial numbers without human intervention." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 23 FCC Rcd. 559, ¶ 13 (2008)* (the "2008 TCPA Order"). The definition contemplates "autodialing equipment that either stores or produces numbers," then dials. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, ¶ 132 (2003)* (the "2003 TCPA Order").

A capacity to produce telephone numbers randomly or sequentially is not a necessary capacity of an ATDS if the system (1) stores then (2) dials numbers (3) without human intervention. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 27 FCC Rcd. 15391, 15392 n.5 (2012)* (the "2012 TCPA Order"); *Glauser v. GroupMe, Inc., 2015 U.S. Dist. LEXIS 14001, 2015 WL 475111, at *6 (N.D. Cal. Feb. 4, 2015)* (citing FCC's 2008 and 2012 TCPA Orders and concluding that "while the capacity for random/sequential dialing is not required for TCPA liability, the capacity to dial numbers without human intervention is required"); *Sterk v. Path, Inc., 46 F. Supp. 3d 813, 818 (N.D. Ill. 2014)* (collecting cases and stating that "the [FCC] has issued decisions stating that an ATDS may include equipment that automatically dials numbers from a stored list without human intervention, **[*9]** even when the equipment lacks the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.").

Plaintiff argues that his amended complaint and reasonable inferences taken from it compel the conclusion that Defendant's system can, and as to Plaintiff did, (1) store then (2) dial numbers (3) without human intervention, and is therefore an ATDS. Plaintiff alleges that when he answered Defendant's calls, there was no human being on the line but instead there was a period of silence before the calls dropped. (Amended Complaint ¶ 11) Plaintiff further alleges that when he did not answer Defendant's calls, Defendant left voicemail messages consisting of screeching and beeping sounds, lasting approximately thirty seconds. (Amended Complaint ¶¶ 12-13) Based on these allegations, Plaintiff argues that it can be plausibly determined that Defendant obtained Plaintiff's cell phone number and plugged Plaintiff's cell phone number into Defendant's automated telephone system, which then stored and automatically dialed Plaintiff's number, repeatedly.

---

[1] *See also Flores v. Adir Int'l, LLC, No. 15-00076, 2015 U.S. Dist. LEXIS 92176, 2015 WL 4340020, at *4 (C.D. Cal. July 15, 2015)* (dismissing complaint where "[p]laintiff's TCPA claims rest solely on his conclusory **[*7]** allegation that Defendant used an ATDS, which will not support a plausible claim for relief"); *Martin v. Direct Wines, Inc., No. 15-757, 2015 U.S. Dist. LEXIS 89015, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015)* ("It is insufficient for plaintiff to simply parrot the language of the TCPA and conclusorily allege that defendants used an ATDS."); *Hunter v. Diversified Consultants, Inc., No. 14-2198, 2014 U.S. Dist. LEXIS 165355, 2014 WL 6747153, at *1 (M.D. Fla. Nov. 26, 2014)* (dismissing complaint where "[p]laintiff's only factual allegations, that 'during the past 48 months prior to the filing of this complaint, [d]efendant contacted [p]laintiffs' [sic] cell phone without express permission with an automated dialing system' and that '[d]efendant called [p]laintiffs' [sic] cell phone intentionally and repeatedly, without express permission and with an automated telephone dialing system ...' do not create any inference supporting the allegation that calls were made using an automatic dialing system, and are insufficient to state a facially plausible claim."); *Gragg v. Orange Cab Co., No. 12-0576, 2013 U.S. Dist. LEXIS 7474, 2013 WL 195466, at *2 (W.D. Wash. Jan. 17, 2013)* (dismissing TCPA claim for failure to properly plead the defendants used an ATDS).

Plaintiff also alleges Defendant did the same to other consumers, as evidenced by their complaints online. **[*10]** (Amended Complaint ¶ 19)

Plaintiff also contends that Defendant ignores Plaintiff's specifically pled facts regarding the nature of its calls when arguing that: (1) Plaintiff made only a single, entirely conclusory and speculative sentence about an ATDS in the amended complaint, and (2) such a "barebones allegation" means this case is indistinguishable from *Aikens* and should be dismissed. Plaintiff argues that *Aikens* is easily distinguishable because that court found the extent of that plaintiff's allegations regarding the calls was (1) "that the caller attempted to reach someone named 'Sam,'" and (2) "that [the plaintiff] asserted to the caller (whether prerecorded or live, Plaintiff does not say) that she was not the 'Sam' they were looking for." *Aikens, 2015 U.S. Dist. LEXIS 115467, 2015 WL 5818911, at *4*. The court noted and distinguished cases denying motions to dismiss where "the plaintiffs provided at least some . . . detail regarding the content of the messages or calls, thereby rendering the claim that an ATDS was used more plausible." *2015 U.S. Dist. LEXIS 115467, [WL] at *3* (citations omitted). As Plaintiff notes, the *Aikens* court granted the defendant's motion to dismiss for plaintiff's failure to allege use of an ATDS because that plaintiff "provided *no* factual allegations **[*11]** regarding the *nature and character* of the calls[.]" *Aikens, 2015 U.S. Dist. LEXIS 115467, 2015 WL 5818911, at *4* (emphases added).

Plaintiff asserts that he alleges sufficient facts regarding the nature and character of the calls for the Court to infer that Defendant's calls were automated because Plaintiff alleges he either: (a) answered the call, no person spoke to him, and he heard nothing, or (b) did not answer the call and received a robotic, automated screeching and beeping voicemail. Plainitff argues such allegations establish that it was plausible Defendant utilized an ATDS on the calls, thereby meeting the bar to state a claim under *Rule 12(b)(6)*. *See, e.g.*, *Cunningham v. Kondaur Capital, 2014 U.S. Dist. LEXIS 183095, 2014 WL 8335868, at *6 (M.D. Tenn. Nov. 19, 2014)* (finding plaintiff sufficiently alleged use of ATDS where alleged "[text] messages were repeated within a short span of time and consisted of the same content"); *Neptune, 34 F. Supp. 3d at 1250* (finding plaintiff sufficiently alleged use of ATDS where he "describe[d] the generic content of the messages, *i.e.*, a prerecorded voice reminding Plaintiff that his payment was due"); *Mashiri, 2013 U.S. Dist. LEXIS 154534, 2013 WL 5797584, at *5*; *Vaccaro v. CVS Pharmacy, Inc., 2013 U.S. Dist. LEXIS 99991, 2013 WL 3776927, at *2 (S.D. Cal. July 16, 2013)* ("In addition to the direct allegation of ATDS use, it is reasonable to infer from the number of calls, the use of an artificial or prerecorded voice, and the commercial nature of the calls, that Defendant used an ATDS in calling Plaintiff.").[2]

Plaintiff argues that the numerous cases cited by Defendant granting TCPA defendants' motions to dismiss are distinguishable for the same reason as *Aikens*: in those cases, the plaintiffs did not allege facts regarding what they heard on the calls (or saw on the text messages) that led them believe the calls were automated.[3]

The Court finds that Plaintiff has specifically pled that he either: (a) answered the call, no person spoke to him, and he heard nothing, or (b) did not answer the call **[*13]** and received a robotic, automated screeching and beeping voicemail (Amended Complaint ¶¶ 11-13). The Court further finds that Plaintiff sufficiently alleged facts to support a finding that Defendant used an ATDS when calling Plaintiff's cell phone. The Court denies Defendant's Renewed Motion to Dismiss as it relates to Count I.

*2. Count II*

Count II of Plaintiff's Amended Complaint alleges a claim for willfulness under the TCPA. *Section 227(b)(3)*

---

[2] *See also* *Hickey v. Voxernet LLC, 887 F. Supp. 2d 1125, 1129 (W.D. Wash 2012)* (plaintiff **[*12]** stated a claim where the plaintiff alleged "that Voxer transmit[ted] automated text messages to lists of cell phone numbers that Voxer [was] given access to," and "the generic form of the message"); *In re Jiffy Lube Intern., Inc. Text Spam Litig., 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012)* (class action plaintiffs sufficiently alleged use of ATDS where plaintiffs "stated that they received a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers."); *Kramer v. Autobytel, Inc., 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010)*.

[3] Plaintiff asserts that even though he alleges specific facts regarding the nature of Defendant's calls, some courts have held that the mere allegation that a defendant used an ATDS is a factual allegation satisfying the standard set out in *Twombly* and *Iqbal*. *See, e.g.*, *De Los Santos v. Millward Brown, Inc., 2014 U.S. Dist. LEXIS 88711, 2014 WL 2938605, at *3 (S.D. Fla. June 30, 2014)*; *Buslepp v. B & B Entm't, LLC, 2012 U.S. Dist. LEXIS 61880, 2012 WL 1571410, at *1 (S.D. Fla. May 3, 2012)*.

of the TCPA provides:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

*47 U.S.C. § 227(b)(3)*.

> The TCPA does not define "willfully" and "knowingly." There is a split of authority as to what constitutes a willful or knowing violation. The court in *Texas v. Am. Blastfax, Inc., 164 F.Supp.2d 892 (W.D.Tex.2001)*, adopted a heightened standard because "[t]he Federal Communications Commission has interpreted 'willful or knowing' under the Telecommunications Act (of which the TCPA is a part), as not requiring bad faith, but only that the person have reason to know, or should have known, that his conduct **[*14]** would violate the statute." *Id. at 899*.[] Other courts, however, have interpreted willful or knowing to mean volitional or intentional, requiring that a plaintiff need only show that a defendant voluntarily made the impermissible communication that violated the TCPA. *See, e.g.*, *Bridgeview Health Care Ctr. Ltd. v. Clark, No. 09 C 5601, 2013 U.S. Dist. LEXIS 37310, 2013 WL 1154206 at *7 (N.D.Ill. Mar.19, 2013)* ("[T]he Court adopts the more common interpretation that 'willfully' or 'knowingly' simply requires that the act be intentional or volitional, as opposed to inadvertent, and not that defendant must have known that the conduct would violate the statute."); *Stewart v. Regent Asset Mgmt. Solutions, No. 10-CV-2552, 2011 U.S. Dist. LEXIS 50046, 2011 WL 1766018 at *7 (N.D.Ga. May 4, 2011)*; *Sengenberger v. Credit Control Svcs., Inc., No. 09 C 2796, 2010 U.S. Dist. LEXIS 43874, 2010 WL 1791270 at *6 (N.D.Ill. May 5, 2010)*, *adhered to on reconsideration*, *2010 U.S. Dist. LEXIS 142528, 2010 WL 6373008 (N.D.Ill. June 17, 2010)*.

*Echevvaria v. Diversified Consultants, Inc., No. 13 CIV. 4980 LAK AJP, 2014 U.S. Dist. LEXIS 32136, 2014 WL 929275, at *9 (S.D.N.Y. Feb. 28, 2014)* (footnote omitted).

Defendant first argues that, because Plaintiff failed to adequately plead an essential element of his TCPA claim, the requisite elements of willful activity cannot be supported and dismissal of Count II of the Amended Complaint is warranted. *See* *47 U.S.C. § 227(b)(3)* (predicating a finding of willfulness on a finding of liability under *Section 227(b)(2)*). For the reasons set forth above, the Court finds that this argument fails.

Defendant next asserts that intent under the TCPA "does not require any malicious or wanton conduct," but it does **[*15]** require that the Plaintiff plead and prove "'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir. 2011)* (citation omitted). Defendant argues it is not sufficient for Plaintiff merely to allege that Defendant intended to place calls to his cellular phone number. Defendant argues that Plaintiff must plead that Defendant knew or should have known that placing calls to Plaintiff was itself a violation of the TCPA. *See, e.g.*, *Harris v. World Fin. Network Nat'l Bank, 867 F. Supp. 2d 888, 895 (E.D. Mich. 2012)* (rejecting plaintiff's argument that "he must only demonstrate that [d]efendants intended to use the autodialer to place the calls" to prove willfulness); *Texas v. Am. Blastfax, Inc., 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001)* ("The Federal Communications Commission has interpreted 'willful or knowing' under the [TCPA], as not requiring bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute."). Defendant asserts Plaintiff does not allege any facts to show that Defendant: (a) knew it was calling Plaintiff without his consent, (b) knew the calls were not made for emergency purposes, and/or (c) was aware that the alleged calls were made in violation of the TCPA.

Plaintiff counters that Defendant continues to ignore the factual allegations of Plaintiff's complaint. Plaintiff states that "the Court [should] adopt[] the more **[*16]** common interpretation that 'willfully' or 'knowingly' simply requires that the act be intentional or volitional, as opposed to inadvertent, and not that defendant must have known that the conduct would violate the statute." *Bridgeview Health Care Ctr. Ltd. v. Clark, 2013 U.S. Dist. LEXIS 37310, 2013 WL 1154206, at *7 (N.D. Ill. Mar. 19, 2013)*. Plaintiff asserts that willful and knowing conduct can be inferred from his allegations that: (1) he has never had any business with Defendant and has never provided Defendant his cell phone number (Amended Complaint ¶ 17), (2) despite the lack of any relationship with Plaintiff, Defendant placed numerous calls to Plaintiff's cell phone (Amended Complaint ¶ 16), and (3) Defendant knows about the problem of its errant calls but has declined to fix it (Amended Complaint ¶ 19), as evidenced by, for example, an online consumer complaint from November 15, 2007 ("Was told

eventually [by Onstar] that the calls would stop, but, of course, they did not."). Plaintiff contends that his allegations raise a plausible claim that Defendant knew it operated an ATDS that was errantly calling Plaintiff's and other consumers' cell phone numbers.

Defendant also contends that Plaintiff's allegations that "phone calls were made without the prior express consent of [p]laintiff . . . and were not **[*17]** made for emergency purposes," such that the alleged calls "constitute[] a willful violation of the TCPA" are not sufficient to satisfy *Iqbal* and *Twombly*. (Amended Complaint ¶¶ 40, 42) Defendant argues Plaintiff must plead at least that Defendant knew it was calling the wrong number. *See* Harris, 867 F. Supp. 2d at 892 (holding that prior to plaintiff notifying the defendants, the defendants' conduct could not be deemed willful or knowing because they were unaware they were calling the wrong number). In this case, Defendant argues, Plaintiff has not alleged that he notified Defendant that Defendant was calling the wrong number—Plaintiff's number—and that after that notice, Defendant continued to place unauthorized calls to Plaintiff.

Plaintiff does not specifically address this issue; rather, Plaintiff generally responds that Defendant knew it was operating an ATDS that was calling Plaintiff and other consumers without permission. Plaintiff cites two cases, but one of them actually supports Defendant's argument that it has to be aware that Plaintiff did not consent to the calls in order to have willfully or knowingly violated the TCPA (*i.e.*, Plaintiff has to provide notice to Defendant that Defendant was calling the **[*18]** wrong number or did not have permission to call him). Plaintiff cites Echevvaria, 2014 U.S. Dist. LEXIS 32136, 2014 WL 929275, at *9, where the court's finding of a willful/knowing violation of TCPA was based on the allegation defendant "knew or should have known that Livevox was an ATDS" and "knew or should have known that it was calling the wrong person" because plaintiff contacted defendant and informed defendant that she was not the person they were seeking, defendant had the wrong number, and it should cease contacting her. Plaintiff also cites Stewart v. Regent Asset Mgmt. Sols., 2011 U.S. Dist. LEXIS 50046, 2011 WL 1766018, at **6-7 (N.D. Ga. May 4, 2011), in which the court found a violation where: (a) plaintiff "established that Defendant . . . used an automated caller with a prerecorded message to call Plaintiff's cell phone on more than one occasion," and (b) although there is no indication that plaintiff contacted Defendant about the calls, there was "no evidence before the court that Defendant did not know that it made the telephone calls."

The Court first concludes that it does not need to decide whether Plaintiff had to allege that Defendant willfully or knowingly violated the TCPA or just that Defendant willfully and knowingly made the calls. The Court finds that the analysis and rationale of the Echevvaria and Harris courts is persuasive **[*19]** on the issue of what Plaintiff is required to allege with respect to Defendant willfully or knowingly violating the TCPA. Accordingly, the Court holds that a willful or knowing violation of TCPA requires that Plaintiff has to plead that Defendant was made aware of/notified that Plaintiff did not consent to calls from Defendant. As Plaintiff did not plead that he notified Defendant that he did not consent to the calls (or that Defendant was otherwise aware that Plaintiff did not consent to the calls), the Court grants Defendant's Renewed Motion to Dismiss as it relates to Count II.

## IV. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's Renewed Motion to Dismiss (Doc. No. 16) is **DENIED** with respect to Count I and **GRANTED** with respect to Count II.

IT IS SO ORDERED.

/s/ Denise Page Hood

Denise Page Hood

Chief Judge, United States District Court

Dated: July 26, 2016

---

**End of Document**